UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. CHIRCO, and
DOMINIC MOCERI,

        Plaintiffs,

v.

GATEWAY OAKS, LLC; ARROW
BUILDING CO., INC.; THE DESIGN
GROUP LLC; N&D DEVELOPERS,
LLC; M.C.S. ASSOCIATES, INC.;
SALVATORE SARAFINO; JOSEPH P.
D'ANGELO; M.C.S. ASSOCIATES, INC.;
JIM JONES; and CALVIN HALL,
individually and d/b/a CALVIN HALL
 and ASSOCIATES,

        Defendants.
_____/

Case Number: 02-73188

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## ORDER (1) GRANTING DEFENDANT GATEWAY'S MOTION TO STRIKE; AND (2) DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Now before the Court is Defendant Gateway Motion to Strike Plaintiffs' Reconsideration Brief and Plaintiffs' Motion for Reconsideration. Having considered the entire record, and for the reasons that follow, the Court:

1.     GRANTS Defendants' Motion to Strike Plaintiffs' Reconsideration Brief Exhibits E and F; and

2.     DENIES Plaintiffs' Motion for Reconsideration.

**I.    BACKGROUND**

The facts of the instant case are set forth in *Chirco v. Gateway Oaks, LLC*, Case No. 02-

1

73188, 2005 WL 2284218 (E.D. Mich. Aug. 26, 2005) (unpublished) (Order Granting Defendant's Motion for Summary Judgment on Plaintiffs' Claims).  On September 9, 2005, Plaintiff timely filed the instant Motion for Reconsideration.  Defendants filed their Motion to Strike Plaintiffs' Reconsideration Brief for Relying on Material not of Record Before this Court, on September 20, 2005.

## II.    ANALYSIS

### A.    Motion for Reconsideration Standard

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects.  *See also* FED. R. CIV. P. 59(e) (allowing a party to file a Motion to Alter or Amend Judgment within ten days of entry of the Judgment).  A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc*., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted).

Motions for Reconsideration "cannot . . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Marketing Displays, Inc. v. Traffix Devices. Inc*., 971 F. Supp. 262, 281 (E.D. Mich. 1997) (citing *Publishers Resource, Inc. v. Walker-Davis Publications, Inc*, 762 F.2d 557, 561 (7th Cir. 1985).  "It is improper on a motion for reconsideration to 'ask the Court to rethink what it has already thought through – rightly or wrongly." *Carter v. Robinson*, Case No. 01-73865, 211 F.R.D. 549, 550 (E.D. Mich Jan. 13, 2003) (unpublished) (citing *Above the Belt, Inc. v. Mel*

2

*Bohannan Roofing, Inc.*, Case No. 83-0202-R, 99 F.R.D. 99, 101 (E.D. Va. September 1, 1993) (unpublished)).  A Motion for Reconsideration will be considered only if (1) there has been an intervening change in the controlling law, (2) a clear error needs corrected or in the interest of preventing manifest injustice, or (3) new evidence is available.  (*Id.*) (citing *NL Industries, Inc. v. Commercial Union Ins. Co.*, 65 F.3d 314, 324 n.8 (3rd Cir. 1995)).

B.  **Discussion**

1.  **Defendants' Motion to Strike**

Defendant first argues that Plaintiffs' Motion for Reconsideration introduces the deposition transcript of Lanny Galyon, which should be stricken.  Defendant argues that the deposition (1) is from another lawsuit which did not have the same defendants nor counsel, as the instant case; (2) was not provided, at any time, to Defendant, and was conducted eleven months prior to the date Defendant filed its Motion for Summary Judgment; and (3) was never made part of the record.

Principally, Plaintiffs offer the Galyon deposition testimony to rebut the Court's finding that Plaintiffs' failed to designate any record evidence which created a genuine issue of material fact as to whether Mayotte independently created the Knollwood building design.[1]

The Court held Plaintiff failed to offer evidence that the Knollwood building design was original, stating that "Plaintiffs have failed to designate any record evidence that would create a genuine issue of material fact as to whether Mayotte independently created the Knollwood building design . . . [and therefore] Plaintiffs' claims of direct and indirect copyright

---

[1] The issue of whether "lack of originality" was argued by Defendants in their Summary Judgment Motion, is not relevant in this motion, and is before the Court in Plaintiffs' Motion for Reconsideration, *supra*.

3

infringement based on that design necessarily fail." *Chirco*, 2005 WL 2284218 at *14.

Because of the Court's holding on originality, Plaintiff cannot now make an originality argument based information not before the Court in the prior summary judgment motion unless there has been an intervening change in the controlling law, a clear error, or new evidence is available. Not only was the Galyon deposition testimony, which Plaintiffs attempt to offer, available at the time of the summary judgment motion - and thus not "new evidence" - but the deposition was taken in different case, *Chirco v. Rosewood Village*, Case No. 03-72145, to which Defendant was not a party nor had access to the deposition transcript. Accordingly, the Galyon deposition testimony is stricken from Plaintiffs' Motion for Reconsideration.

Defendants also argues that Exhibit F of Plaintiffs' Motion for Reconsideration - which is a copy of *Lucas v. Chance*, Case No. 03-3357, 121 Fed. Appx. 77 (6th Cir. Jan. 18, 2005) (unpublished) - should be stricken because the case was in existence prior to the Filing of Plaintiffs' Response to Defendant's Summary Judgment Motions. Defendants contend that Plaintiffs are citing *Lucas* to introduce new legal arguments, i.e., that the Johnson Affidavit constitutes hearsay. Further, Defendants argue that they have not had the opportunity to respond to Plaintiffs' new argument.

Defendants filed their Motions for Summary Judgment on March 18, 2005 and Plaintiffs responded on April 13 and 15, 2005. It appears that Plaintiffs introduced the case to promote a new legal argument that they could have brought in their responses because *Lucas v. Chase* was decided before Defendants filed their summary judgment motions and Plaintiffs filed their responses. Additionally, Plaintiff is not arguing an intervening change in the law. Therefore, the Court finds that this exhibit should be stricken from Plaintiffs' Motion for Reconsideration.

    **2.**    **Plaintiffs' Motion for Reconsideration**

4

Plaintiffs first argue that Gateway was not seeking an order that the copyrights were invalid for lack of originality. Plaintiffs claim that the word "original" only appears in Defendant Gateway's Summary Judgment brief when Gateway argues for "filtering out" non-original elements. In short, Plaintiffs argue that "lack of originality" was never an issue before the Court and therefore on reconsideration, Plaintiff attempts to show facts which create a genuine issue of material fact.

However, this Court found that "lack of originality" was an issue in Defendant's Summary Judgment Motion. Although Plaintiffs are correct that the word "original" appears in Defendant's Summary Judgment brief when it argues for "filtering out" non-original elements under the substantial similarity test, the Court also interpreted Defendants' motions as making an originality argument.

As stated in this Court's Summary Judgment Opinion, originality is an essential element of copyright. The Court disagreed with Defendants on the issue of substantial similarity regarding copyright infringement, finding that the record evidence, taken in a light most favorable to the Plaintiff, created issues of fact as to whether Defendants had access to the Knollwood building design and whether Gateway Oaks plans were substantially similar to that design. However, as stated above, the Court found Defendants' argument persuasive on the issue of copyright protection because of the lack of any record evidence creating a genuine issue of material fact as to whether Mayotte created the Knollwood building design. *See Chirco*, 2005 WL 2284218 at *14. Accordingly, the Court finds that "originality" was before the Court in Defendants' Motions for Summary Judgment.

Plaintiffs next argue that the Court erred in concluding that there was no evidence that Mayotte independently created the works. Plaintiff asserts that the Court disregarded the

5

Certifications of Registration which establish a presumption of originality; disregarded other evidence of Mayotte's original designs; erred by finding copying from prior works despite the lack of record evidence of copying; and erred by relying on similar prior works as evidence of non-originality in the absence of copying.

However, the Court considered the evidence presented before it in the summary judgment pleadings and found that there was a lack of record evidence creating a genuine issue of material fact as to whether Mayotte independently created the Knollwood building design. Therefore, the Court finds no palpable defect by which the Court and parties have been misled.

### III. CONCLUSION

IT IS ORDERED THAT Defendants' Motion to Strike Plaintiffs' Reconsideration Brief Exhibits E and F is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Reconsideration is DENIED.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 21, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 21, 2006.

s/Denise Goodine
Case Manager