UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. CHIRCO and
DOMINIC MOCERI,

       Plaintiffs,                      CASE NO. 02-73188

vs.                                      HONORABLE PAUL D. BORMAN
                                        HONORABLE STEVEN D. PEPE

GATEWAY OAKS, LLC; ARROW
BUILDING CO., INC.; THE DESIGN GROUP
LLC; N&D DEVELOPERS, LLC; M.C.S.
ASSOCIATES, INC.; SALVATORE
SARAFINO; JOSEPH P. D'ANGELO; M.C.S.
ASSOCIATES, INC.; JIM JONES; AND
CALVIN HALL, INDIVIDUALLY AND D/B/A
CALVIN HALL AND ASSOCIATES,

       Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO STRIKE TAXED BILL OF COSTS TO DEFENDANT CALVIN HALL (DKT. #228)

On August 26, 2005, Judge Borman entered a judgment in favor of Defendants (Dkt. #215). Defendant Hall subsequently filed a Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1) for $921.05 in costs other than attorneys' fees (Dkt. #220), which the Clerk taxed in the amount of $891.80 (Dkt. #223). Plaintiffs' filed a motion to strike the Taxed Bill of Costs because they filed a timely motion for reconsideration, which they argued rendered the judgement in this case non-final, and thus rendered the Clerk's Taxed Bill of Costs premature. Plaintiff's motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A) (Dkt. #235), and a hearing was held on October 26, 2006. For the reasons stated below, **IT IS**

**ORDERED** that Plaintiffs' motion is **DENIED**.

Fed. R. Civ. P. 54(d)(1) provides:

**(1) Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

In this case, the Hall Defendants qualify as prevailing parties since Judge Borman entered an August 26, 2005, Judgement in his favor. The Court has not directed that costs should not be taxed. Therefore, "as of course" it was proper for the Clerk to enter a Taxed Bill of Costs. In addition, Plaintiffs' argument that such a bill was premature is rendered moot by Judge Borman's July 21, 2006, Order denying Plaintiffs' motion for reconsideration (Dkt. #234). Finally, Plaintiffs state in their August 10, 2006, filing that "Plaintiffs do not object to the actual out-of-pocket costs in the amount of $921.05 by the Hall Defendants" (Dkt. #241, p. 11).

Accordingly, Plaintiffs' motion to strike the Taxed Bill of Costs is **DENIED.**

**SO ORDERED.**

Dated: March 20, 2007                             s/Steven D. Pepe
Ann Arbor, Michigan                               United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on March 20, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Joseph G. Burgess, Bernard J. Cantor, Julie A. Greenberg, Melanie T. LaFave, Douglas P. LaLone, James J. Parks, Robert J. Pineau, Douglas W. Sprinkle, Wayne E. Walker, Aaron L. Warren, Stephen F. Wasinger, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: John W. Griffin, 380 N. Old Woodward, Ste. 350, Birmingham, MI 48009.

      s/ James P. Peltier
      James P. Peltier
      Courtroom Deputy Clerk
      U.S. District Court
      600 Church St.
      Flint, MI 48502
      810-341-7850
      pete_peliter@mied.uscourts.gov